**Barbara RUIZ-VELASCO, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 15-70884**

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2017 *

Filed July 17, 2017

Barbara Ruiz-Velasco, Pro Se

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Jennifer R. Khouri, Attorney, OIL, Tim Ramnitz, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM **

Barbara Ruiz-Velasco, a native and citizen of Mexico, petitions pro se for review

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that she did not have a reasonable fear of persecution or torture and thus is not entitled to relief from her reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we review de novo claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

We do not consider the materials attached to Ruiz-Velasco's opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the IJ's conclusion that Ruiz-Velasco failed to establish a reasonable possibility of future persecution in Mexico on account of a protected ground. *See Nagoulko v. INS*, 333 F.3d 1012, 1016, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

Substantial evidence also supports the IJ's conclusion that Ruiz-Velasco failed to demonstrate a reasonable possibility of torture by the Mexican government, or with its consent or acquiescence. *See Andrade-Garcia*, 828 F.3d at 836-37.

We reject Ruiz-Velasco's contentions regarding the conduct of her hearing. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("An immigration decision violates due process if the proceeding were so fundamentally unfair that the [petitioner] was prevented from reasonably

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

presenting [her] case." (internal citation and quotation omitted)).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.